UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
HEIDI HUSSER,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                                                         12-CV-6095 (MKB) (JO)
                v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, JOHN SHEA, and JOHN
O'CONNELL,

                Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      On December 12, 2012, Plaintiff Heidi Husser commenced this action against the New York City Department of Education. (Compl., Docket Entry No. 1.) By Second Amended Complaint filed September 6, 2013, Plaintiff named John Shea and John O'Connell as additional defendants. (Second Am. Compl., Docket Entry No. 16.) Plaintiff brings claims of discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"), as well as wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), and retaliation in violation of 29 U.S.C. § 215(a)(3).[1] Plaintiff's claims arise out of her employment at the New York City Department of Education's Division of School Facilities.

---

[1] In the Second Amended Complaint, Plaintiff alleges retaliation in violation of the EPA. (Second Am. Compl. ¶¶ 45–46.) "The EPA amended [the Fair Labor Standards Act ("FLSA")] and is codified under the same chapter. An employer's retaliation for filing EPA complaints,

Defendants moved for summary judgment, and, on April 3, 2014, the Court referred Defendants' motion to Magistrate Judge James Orenstein for a report and recommendation. By Report and Recommendations dated September 15, 2015 ("R&R"), Judge Orenstein recommended that the Court (1) grant Defendants' motion for summary judgment as to Plaintiff's hostile work environment claims, and (2) deny Defendants' motion in all other respects.[2] (R&R 30, Docket Entry No. 56.) No party has objected to the R&R, and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the

---

like retaliation for filing FLSA complaints, is analyzed under section 215(a)(3)." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 110 n.7 (2d Cir. 2015). An employee may premise a Section 215(a)(3) claim on an oral complaint to an employer, as long as the complaint was sufficient to put the employer on notice that the employee was complaining of practices protected by the statute. *Id.* at 106. FLSA retaliation claims are analyzed using the same *McDonnell Douglas* three-step burden shifting scheme that applies to Title VII and NYSHRL retaliation claims. *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

Defendants do not appear to move for summary judgment as to this claim, although their memorandum of law in support of their motion states that Defendants are moving to "dismiss the Second Amended Complaint . . . in its entirety." (Defs. Mem. in Support of Mot. for Summ. J. 1, 22–25, Docket Entry No 44.) Plaintiff does not address the merits of her FLSA retaliation claim in her opposition, nor did Judge Orenstein address it in the R&R. Even assuming Defendants intended to move as to Plaintiff's EPA retaliation claim, because the Court denies Defendants' motion for summary judgment as to Plaintiff's Title VII and NYSHRL retaliation claims, any such motion is denied for substantially the same reasons.

[2] In his analysis of Plaintiff's Title VII and NYSHRL retaliation claims, Judge Orenstein addressed only Plaintiff's minimal *prima facie* burden, at the initial phase of the *McDonnell Douglas* burden-shifting scheme. As Defendants' arguments focused only on whether Plaintiff could establish a *prima facie* case of retaliation, and not whether Plaintiff could ultimately show causation at the *third* step of the *McDonnell Douglas* framework, the Court sees no clear error in the R&R's approach, and adopts Judge Orenstein's recommendation in its entirety.

2

decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N. Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's Title VII, NYSHRL and NYCHRL hostile work environment claims, and denies Defendants' motion for summary judgment in all other respects. In accordance with the Court's June 27, 2014 Order, the parties are directed to submit a joint pre-trial order within thirty (30) days of the date of this Memorandum and Order.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 30, 2015
      Brooklyn, New York